UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN RE:

ROSSLYN BROWN,                                    CASE NO.:  26-10219-SMG
                                                  CHAPTER 13

  Debtor.

_____

**SECURED CREDITOR'S RESPONSE IN OPPOSITION TO DEBTOR'S "NOTICE OF OBJECTION TO CREDITOR'S PROOF OF CLAIM"**

COMES NOW Secured Creditor, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2005-HE8, ASSET-BACKED CERTIFICATES SERIES 2005-HE8[1] ("U.S. Bank"), by and through its undersigned counsel, and respectfully files this Response in Opposition to Debtor's Notice of Objection to Creditor's Proof of Claim (D.E. 58) and in support states as follows:

**UNDISPUTED MATERIAL FACTS**

1.  Debtor, ROSSLYN BROWN ("Mrs. Brown"), filed her *pro se* Petition for relief under Chapter 13 of the U.S. Bankruptcy Code on January 9, 2026.  This case is just the latest in a never-ending vexatious stream of bankruptcy filings that Plaintiff or her husband, Charles Brown, have filed since October 2015, to wit:

---

[1]  Debtor directed her Notice to U.S. Bank's loan servicer, Select Portfolio Servicing, Inc. ("SPS"), but the Claim at issue in her Notice and this Response is Claim 8-1, which was filed by SPS on behalf of U.S. Bank.

1

| **Case No.** (all filed in the Southern District of Florida, Ft. Lauderdale Division) | **Date Filed** | **Disposition** | **Date of Disposition or Case Closed** |
|---|---|---|---|
| 16-19175-JKO | 6/29/16 | Dismissed 8/17/17; reopened 11/8/17; case closed without any further activity | 2/9/18 |
| 17-23460-JKO | 11/6/17 | Case dismissed with prejudice period of 180 days | 10/1/18 |
| 18-20013-RBR (filed by Charles Brown) | 8/17/18 | Dismissed 1/24/19 | 5/30/19 |
| 19-19240-RBR | 7/12/19 | Dismissed 6/16/20 | 9/25/20 |
| 23-12376-PDR | 3/28/23 | Dismissed 1/9/24 | 2/28/24 |
| 24-12260-PDR (filed by Charles Brown) | 3/8/24 | Dismissed 4/22/24 | 5/24/24 |
| 24-20400-SMG (filed by Charles Brown) | 10/7/24 | Dismissed 11/21/24 | 2/25/25 |
| 25-11548-SMG | 2/14/25 | Dismissed 3/13/25; reinstated 4/11/25; dismissed 6/24/25 | 9/25/25 |
| 25-22160-SMG | 10/16/25 | Dismissed 12/15/25 | 2/9/26 |

2.      In each of these instances, the Trustee and the Court have had to devote time, energy, attention and resources to administering the cases, only to have each and every one of them get dismissed due to one violation committed by Plaintiff, or her husband, after another.  As is reflected in the table above, not a single one of these bankruptcy cases has reached a successful conclusion.

3.      On or about April 15, 2026, Plaintiff filed an adversary proceeding against U.S. Bank, assigned Case No. 26-01137-SMG, in which she appears to attempt to challenge U.S. Bank's standing to pursue a state court foreclosure action against her. (D.E. 1 in the Adv. Pro.).  Debtor acknowledged her Adversary Complaint in her Objection. (D.E. 58, p. 2, Sec. IV(A)).

4.      On May 11, 2026, Debtor filed her Notice of Objection to Creditor's Proof of Claim, directed to SPS (the "Objection"). (D.E. 58).  The Objection is untimely pursuant to Local Rule 3007-1, in that it was filed less than 14 days before the confirmation hearing, which was set for Friday, May 15, 2026.

5.      In addition, Debtor's "Grounds for Objection" are not supportable or sustainable. First, Debtor's reference to the Adversary Complaint demonstrates that her Objection is duplicative, and U.S. Bank should not be required to defend itself in two contested proceedings. U.S. Bank filed its Motion to Dismiss Adversary Complaint on May 15, 2026, because the Adversary Complaint fails to state a viable cause of action, but fundamentally and at its core, the entirety of Debtor's "objection" to U.S. Bank's claim is defeated by the valid and enforceable Final Judgment of Foreclosure, which was entered by the state court on October 14, <u>2015</u>[2], and affirmed by the Fourth District Court of Appeals (the "Fourth DCA") in March 2020 with corresponding Mandates issued by the Fourth DCA in June 2020.  *See* U.S. Bank's Motion to Dismiss in Case No. 26-ap-01337-SMG at D.E. 11.  Just as Debtor's Adversary Complaint is barred by the *Rooker-Feldman* doctrine, so too is her Objection to U.S. Bank's Proof of Claim.  For the sake of efficiency, U.S. Bank adopts and incorporates the arguments raised in its Motion to Dismiss herein for all purposes.

6.      Second, Debtor's Objection references an alleged "Settlement Payment of $586,284.78 on July 8, 2026…," which is a date that has not yet occurred.  Debtor did not attach any documentation or proof of the alleged payment, nor the "April's 2025 Statement" that she referenced, and U.S. Bank is not aware of what Debtor is referencing or relying on and therefore

---

[2]  Debtor and her husband, Charles Brown, were (and still are) defendants in a foreclosure action filed on or about June 17, 2010, in the Circuit Court, Seventeenth Judicial Circuit, in and for Broward County, Florida, at Case No. CACE10-025468.

currently unable to respond further.  To the extent that Debtor had post-Judgment settlement communications with SPS, on behalf of U.S. Bank, those communications are privileged and protected from disclosure and should not be filed in this case.

7.      Lastly, Debtor's Objection alleges that U.S. Bank failed to notify her of the filing of its Proof of Claim, which is likewise unsupportable.  The undisputed record reflects that U.S. Bank timely filed its Proof of Claim, which is reflected as Claim 8-1 on the Claims Register, on March 16, 2026, thereby providing notice to not only Debtor but also any other creditor, party in interest, the Trustee and the Court.

8.      For all the foregoing reasons and given that Debtor has managed to avoid a foreclosure sale of the subject property for over a *decade* since the Final Judgment of Foreclosure was entered through one bankruptcy filing after another, Debtor's Objection must be overruled.

WHEREFORE, Secured Creditor, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO LASALLE BANK NATIONAL ASSOCIATION, ON BEHALF OF THE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2005-HE8, ASSET-BACKED CERTIFICATES SERIES 2005-HE8, respectfully requests that Debtor's Notice of Objection to Creditor's Proof of Claim be overruled in its entirety, and that the Court grant such further relief as is just and proper.

DATED this 18th day of May, 2026.

Respectfully submitted,

**KAUFMAN DOLOWICH**

*/s/ Kimberly Held Israel*
Kimberly Held Israel, Esq.
Florida Bar No. 47287

4

301 E. Pine Street, Suite 1150
Orlando, FL 32801
Telephone: (407) 358-5619
Primary E-mail:
kim.israel@kaufmandolowich.com
Secondary E-mail:
natalie.nunley@kaufmandolowich.com
***Counsel for Secured Creditor, U.S. BANK TRUST
COMPANY, NATIONAL ASSOCIATION, AS
TRUSTEE, AS SUCCESSOR-IN-INTEREST TO
U.S. BANK NATIONAL ASSOCIATION,
SUCCESSOR TRUSTEE TO LASALLE BANK
NATIONAL ASSOCIATION, ON BEHALF OF
THE HOLDERS OF BEAR STEARNS ASSET
BACKED SECURITIES I TRUST 2005-HE8,
ASSET-BACKED CERTIFICATES SERIES
2005-HE8***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished, via CM/ECF and/or U.S. Mail, this **18th** day of **May, 2026**, to the parties in interest on the attached mailing matrix who do not receive electronic service in this case.

*/s/ Kimberly Held Israel*
ATTORNEY

5